NOTICE

Decision filed 09/12/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250490-U

NO. 5-25-0490

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Piatt County. |
| | ) | |
| v. | ) | No. 25-CF-30 |
| | ) | |
| JASON SHARP, | ) | Honorable |
| | ) | Dana C. Rhoades, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the circuit court's orders denying defendant pretrial release where the State proved that defendant's ability to continue to operate a motor vehicle on public roadways while impaired presented a serious and real threat to other persons or the community.

¶ 2   Defendant, Jason Sharp, appeals the Piatt County circuit court's June 9, 2025, order denying his motion for relief and the court's May 22, 2025, order granting the State's petition to deny him pretrial release. For the following reasons, we affirm.

¶ 3                           I. Background

¶ 4   On May 21, 2025, the State charged defendant by information with four counts of aggravated driving under the influence of a drug or drugs (625 ILCS 5/11-501(a)(6) (West 2024)). The State alleged that defendant drove, or was in actual physical control of a motor vehicle, at a

time when there was a drug, substance, or compound in his breath, blood, or urine resulting from the unlawful use or consumption of a controlled substance or methamphetamine. The State further alleged that, while under the influence, defendant was involved in a motor vehicle accident that resulted in the death of Joshua Beck and the permanent disability or disfigurement of Cody Bryant, Ashley Isaacs, and April Rolson.

¶ 5 On May 22, 2025, the State filed a verified petition to deny defendant pretrial release. The State alleged that the proof was evident, and the presumption great, that defendant committed a qualifying offense and that he posed a real and present threat to the safety of any person or persons or the community.

¶ 6 At a hearing held the same day, the State proffered that at approximately 3 p.m. on Sunday, April 13, 2025, defendant was involved in a two-vehicle crash in Piatt County. Law enforcement determined that the crash occurred after defendant "failed to stop at [a] clearly-marked yield sign" at an intersection. Both vehicles were forced onto their sides as a result of the crash. Defendant advised law enforcement that he had not seen the yield sign or the other vehicle involved in the accident. Passengers in defendant's vehicle advised police that defendant was traveling 65 to 70 miles per hour on country roads prior to the collision. One passenger further advised law enforcement that they had directed defendant to stop at the yield sign because they had seen the other vehicle. The driver of the other vehicle died as a result of the collision, while all four occupants of defendant's vehicle were transported to the hospital for treatment due to their injuries. Ashley Isaacs suffered a broken jaw, neck, arm, legs, as well as various head injuries. April Rolson suffered two broken legs, along with "other severe injuries." Cody Bryant suffered a broken neck and a concussion.

2

¶ 7 The State further proffered that defendant advised police he was traveling between 35 and 40 miles per hour before the collision. Defendant claimed he was unfamiliar with the roads and asked the other passengers for directions. Defendant admitted that he had used cocaine, methamphetamine, and marijuana several days before the collision. Defendant claimed that he had not used any drugs on the date of the collision. Subsequent testing of defendant's blood and urine revealed the presence of cocaine, methamphetamine, and marijuana.

¶ 8 The State also addressed defendant's criminal history as follows:

"The defendant's criminal history showed prior abusive behavior by way of a 2002 conviction of Predatory Criminal Sexual Assault and Failure to Comply with Probation as evidenced by the PTR in his 2001 Burglary conviction resulting in a prison sentence, and his 1998 prior DUI that resulted in being terminated unsatisfactorily."

¶ 9 A pretrial investigation report listed defendant's criminal history as follows: a 2002 conviction for predatory criminal sexual assault, which resulted in 20 years in prison; a 2001 conviction for burglary, which resulted in 5 years in prison following the revocation of probation; a 2001 conviction for possession of liquor by a minor, which resulted in a fine; a 1999 conviction for theft, which resulted in two days in jail; a 1998 conviction for driving under the influence, which resulted in 18 months' supervision that was terminated unsuccessfully; and a 1998 conviction for possession of liquor by a minor, which resulted in a fine. The report also indicated that the Virginia Pretrial Risk Assessment Instrument - Revised assigned defendant a 4 Risk Level associated with a 21.4% rate of violation of any conditions of pretrial release.

¶ 10 In addressing whether conditions could mitigate the threat defendant posed, the State noted that defendant had a gap in his criminal history because he spent 20 years in prison. The State noted that upon his release, he began abusing drugs and developed an addiction. The State noted

3

that, unlike alcohol-based crimes, there was no monitor defendant could wear to prevent his misuse of drugs.

¶ 11 Defense counsel responded that the driver of the other vehicle had a blood alcohol content of .102. Defense counsel asserted that a GPS monitor and random drug testing would be appropriate conditions to mitigate any threat defendant posed.

¶ 12 Following the hearing, the circuit court granted the State's petition to deny defendant pretrial release. In doing so, the court found that defendant committed a qualifying offense, defendant posed a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case, and no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons. The court specifically noted that defendant "had a variety of illicit substances in his blood when he drove a vehicle involved in vehicle fatality killing 1 individual and causing 3 individuals to sustain great bodily injuries." The court further noted that defendant "ha[d] been sentenced to community[-]based sentences in the past for prior offenses and violations were filed resulting in revocations or unsuccessful terminations."

¶ 13 Also on May 22, 2025, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). Defendant argued that the State failed to meet its burden of proving, by clear and convincing evidence, that there was no condition or set of conditions that could mitigate the threat he posed to the safety of any person or persons or the community. Defendant asserted that the circuit court could require defendant to wear a GPS monitor and submit to random drug testing, both of which would mitigate the threat he posed. Defendant refiled the same motion on June 3, 2025.

¶ 14    On June 9, 2025, the circuit court held a hearing on defendant's motion for relief. Defense counsel presented argument consistent with arguments raised in the motion for relief. The State stood on its prior arguments. After considering the parties' arguments, the court stated, in pertinent part, as follows:

> "The court notes that the defendant had a variety [of] illicit substances in his system at the time when he drove the vehicle that was involved in this vehicle crash that resulted in the fatality of one individual, and three other individuals that received serious injuries resulting in great bodily injuries, and those three individuals were taken to the hospital.
>
> The court also note[s] that the defendant had previously been sentenced to community-based sentences that had resulted in violations in the past resulting in revocations or unsuccessful terminations. So the court took that into consideration in whether there would be conditions or a combination of conditions that the defendant would be likely to comply with."

Thus, the court concluded that there was not a condition or a combination of conditions that could mitigate the threat of safety to any person or persons or the community and denied defendant's motion for relief. Defendant filed a timely notice of appeal.

¶ 15                                          II. Analysis

¶ 16    On appeal, defendant argues that the circuit court erred by finding that the State proved, by clear and convincing evidence, that random drug testing could not mitigate the threat defendant posed of driving under the influence of drugs. We disagree.

¶ 17    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting

5

effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the circuit court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The circuit court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the circuit court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 18 To set appropriate conditions of pretrial release where the State has filed a petition to detain, the circuit court must determine whether the State has met its burden by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and present threat

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the

to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The statute lists no singular factor as dispositive. See *id.*

¶ 19   Where, as here, the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the circuit court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 20   In the present case, defendant was charged with four counts of aggravated driving under the influence of a drug or drugs, which resulted in the death of one individual and the permanent disability or disfigurement of three other individuals. The injuries defendant's passengers sustained were substantial. The State's proffer demonstrated that defendant tested positive for cocaine, methamphetamine, and marijuana following the collision. The State's proffer further indicated that defendant's passengers reported that he was traveling at speeds of 65 to 70 miles per hour prior to the collision. Notably, this collision occurred at 3 p.m. on a Sunday afternoon—a time when many persons and families are traveling on public roadways. As the circuit court correctly noted, the pretrial investigation report demonstrated that defendant's prior community-based sentences were revoked or terminated unsuccessfully, evincing a strong likelihood that defendant would not successfully comply with any conditions imposed. Moreover, the report indicated that the Virginia Pretrial Risk Assessment Instrument - Revised assigned defendant a 4 Risk Level associated with a 21.4% rate of violation of any conditions of pretrial release. Based on the foregoing, we agree with the court's conclusion that random drug testing could not mitigate

---

defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

the threat defendant posed in the present case. Even if released under the condition that he submit to random drug testing, defendant could continue to operate a motor vehicle on a public roadway while impaired, presenting a serious and substantial threat to other persons in the community.[2]

¶ 21    Accordingly, we agree with the circuit court that no condition or combination of conditions could reasonably ensure the safety of the public. Thus, the court did not err by denying defendant pretrial release.

¶ 22                              III. Conclusion

¶ 23    For the foregoing reasons, we affirm the circuit court's May 22, 2025, and June 9, 2025, orders.


¶ 24    Affirmed.

---

[2]While defendant maintains that his injuries "will likely keep him from driving at all," we find the record insufficient to support this speculative argument.